IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FRANCIS CUNNINGHAM<br>　　　　Plaintiff, | : <br> : <br> : | CIVIL ACTION <br><br> NO. |
| v. | : <br> : | |
| | : | **ERISA- NO JURY TRIAL REQUESTED** |
| THE PRUDENTIAL INSURANCE<br>COMPANY OF AMERICA<br>　　　　Defendant. | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | |

## CIVIL ACTION COMPLAINT

Plaintiff, Francis Cunningham, by and through her attorney, THE LAW FIRM OF MARTIN LAW LLC, as and for her Complaint against Defendant THE PRUDENTIAL INSURANCE COMPANY OF AMERICA hereby sets forth the following:

## PARTIES

1. Upon information and belief, Plaintiff, FRANCIS CUNNINGHAM, is a resident of the state of Pennsylvania.

2. Upon information and belief, at all times hereinafter mentioned, Defendant, THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, is incorporated in the State of New Jersey, with its principal place of business at 751 Broad Street, Newark, New Jersey 07102.

## JURISDICTION

3. Jurisdiction of the Court is based upon 29 U.S.C. § 1132(e)(1) and 1132(f), which gives the District Courts jurisdiction to hear civil actions brought to recover benefits due under the terms of an employee welfare benefit plan. Jurisdiction is also founded on 28 U.S.C. § 1331

because this action arises under 29 U.S.C. § 1001 et.seq. (Employee Retirement Income Security Act of 1974, hereinafter "ERISA").

4. Venue in the Eastern District of Pennsylvania is appropriate because Defendant conducts business and is subject to personal jurisdiction in the judicial district and maintains contacts in the jurisdictional district sufficient to subject it to personal jurisdiction.

5. Pursuant to 28 U.S.C. § 1391(a)(1) and § 1391(c), this action is properly venued in the Eastern District of Pennsylvania.

## Standard of Review

6. The standard of review should be *de novo* due to the absence of an enforceable discretionary clause.

## FACTS

7. Plaintiff is a fifty-six-year-old (56) woman born on September 23, 1965.

8. At all times hereinafter mentioned, Plaintiff was an employee of JEVS Human Services as a Computer Instructor, and at all times was a participant and/or beneficiary under a long-term disability ("LTD") income policy, hereinafter ("Policy").

9. Plaintiff was hired by JEVS Human Services on July 17, 2006.

10. At all times mentioned herein, Plaintiff was and is an employee eligible for LTD benefits as an insured under the Policy administered by JEVS Human Services.

11. Said Policy states that LTD insurance benefit payments will be made to Plaintiff in the event that, due to sickness or injury, she is unable to perform the material and substantial duties of her occupation, has a 20% or more loss in her monthly earnings due to the sickness or injury, and is under the regular care of a doctor.

12. The Policy's maximum pay period is 24 months.

13. Plaintiff's last day of work was January 17, 2018.

14. Plaintiff was awarded Social Security Disability benefits.

15. Plaintiff was never paid LTD benefits.

16. Plaintiff suffers from severe physical and mental conditions.

17. Plaintiff suffered from an acute asthma exacerbation and ongoing asthma.

18. Plaintiff suffers from congestive heart failure.

19. Plaintiff suffers from diabetes.

20. Plaintiff suffers from severe lower back pain; it appears that Dr. Goldstein considered her to be a surgical candidate as seen in a visit note from August 9, 2019.

21. Plaintiff suffers from disc herniations and severe foraminal narrowing confirmed by MRI in October 2019.

22. Plaintiff suffers from thyroid disease.

23. Plaintiff suffers from depression.

24. Plaintiff cannot sit or stand longer than a few minutes per time.

25. Plaintiff suffers from lower extremity numbness.

26. Plaintiff suffers from significant degenerative disc disease.

27. Plaintiff has had positive straight leg raising tests bilaterally.

28. Plaintiff suffers from osteoarthritis of both knees.

29. Plaintiff has required the full-time use of a home health aide, demonstrating the severity of her conditions.

30. Despite Plaintiff's continued disability, Defendant has denied all long-term disability benefits to Plaintiff and continues to refuse to pay benefits pursuant to the Policy, although payment thereof has been duly demanded.

31. Said refusal on the part of the Defendant is a willful and wrongful breach of the Policy's terms and conditions.

32. Defendant afforded little weight to the opinions of Plaintiff's treating physicians.

33. Defendant's denial of Plaintiff's disability insurance benefits is unreasonable and unsupported by substantial evidence and as such constitutes a breach of fiduciary duty.

34. Defendant's unreasonable and unsupported denial of Plaintiff's LTD benefits is evidence, inter alia, by the number of procedural irregularities in its claim handling, including but not limited to: the failure to consider the impact of Plaintiff's physical limitations on her ability to perform the duties of her regular or any occupation; the refusal to consider Plaintiff's credible subjective complaints about her inability to work; the failure to consider the side effects of Plaintiff's medication; the reliance upon a selective review of medical records to reach a result oriented claim determination; the failure to utilize appropriately qualified and unbiased medical personnel to reach decisions and/or render opinions on levels of impairment; the failure to perform a fair and neutral evaluation of Plaintiff's medical condition and associated restrictions and limitations; and other biased claim handling practices including that Prudential originally classified Ms. Cunningham's past work was sedentary in nature, in direct opposition to the

employer statement in Prudential's file. Following appeal, Prudential claimed that the determination was immaterial since there were no medically necessary restrictions and limitations.

## COUNT I – FIRST CAUSE OF ACTION
### [FOR DECLARATORY RELIEF PURSUANT TO 29 U.S.C. § 1132(a)(1)(b)]

35. Paragraphs 1 through 34 are incorporated herein by reference as if fully set forth at length.

36. An actual controversy exists between Plaintiff and Defendant arising out of the events alleged herein above. Plaintiff contends that Defendant has no legal basis for denying LTD benefits, which have been wrongfully withheld.

37. Plaintiff contends that the denial of LTD benefits is a breach of the Group Long Term Disability Plan; the practices of the Defendant should be estopped on the basis of equity; that the practices of Defendant are arbitrary and capricious; that the practices of Defendant fail to satisfy the minimum requirements of ERISA; and the practices of Defendant are barred as a matter of law.

38. Plaintiff contends that Defendant denied her a "full and fair review" of all of her records submitted by failing to consider information directly related to her LTD claim, minimized and/or failed to review or consider the findings of her treatment providers, while simultaneously attaching greater weight to the findings of the Defendant's medical consultants.

39. Plaintiff contends that the decision to deny LTD benefits and deny her appeal for benefits was wrongful, unreasonable, irrational, arbitrary and capricious, solely contrary to the evidence and contrary to the terms of the policy and the law and an abuse of discretion.

## COUNT II – SECOND CAUSE OF ACTION
### [FOR RECOVERY OF PLAN BENEFITS PURSUANT TO 29 U.S.C. § 1132(a)(1)(B)]

40. Paragraphs 1 through 39 are incorporated herein by reference as if fully set forth at length.

41. Defendant wrongfully denied LTD benefits based on an unfair, incomplete, arbitrary and capricious review of Plaintiff's medical records and information, and the insufficient and inaccurate reports of their own reviewers.

42. Plaintiff contends that in denying LTD benefits, Defendant disregarded substantial evidence, including medical records and other medical reports.

43. Under the terms of the Group LTD Plan, Defendant unreasonably breached its promise to provide Plaintiff with certain LTD benefits. To date, Defendant has failed to honor this promise and continues to refuse to pay Plaintiff all benefits to which she is rightfully entitled.

44. Plaintiff has satisfied and continues satisfy all conditions precedent under the Group LTD Plans and is thus eligible to receive LTD benefits.

45. Plaintiff has not waived or otherwise relinquished her entitlement to benefits under the Group LTD Plan.

46. Plaintiff seeks reimbursement and compensation for any and all benefits she should have received.

47. Defendant breached its obligations under ERISA to provide Plaintiff benefits even though her benefits are covered under the terms of the Group LTD Plan.

48. As a direct and proximate result of the aforementioned conduct of the Defendant in failing to pay benefits to Plaintiff, she has been damaged in an amount equal to the amount of benefits to which she is entitled under the terms of the Group LTD Plan.

**WHEREFORE**, Plaintiff prays for judgment as follows:

A. On Count I:

1. A declaration that Plaintiff is disabled and entitled to the payment of benefits under the Group LTD Plan;

2. A declaration that Defendant is hereinafter estopped from wrongfully denying Plaintiff benefits under the Group LTD Plan without a legal basis to do so;

3. A declaration that Defendant is hereinafter estopped from denying Plaintiff benefits as a denial of such benefits is a breach of the Group LTD Plan.

4. A declaration that Defendant is hereinafter estopped on the basis of equity from continuing to deny disability benefits wrongfully withheld from Plaintiff;

5. A declaration that Defendant is hereinafter estopped from wrongfully denying benefits to Plaintiff contrary to clear, compelling and substantial medical and functional evidence.

6. Plaintiff requests the payment of reasonable attorney fees, costs and interest.

7. Plaintiff requests such other and further relief as the Court deems appropriate.

B. On Count II:

1. Plaintiff seeks a declaration of Plaintiff's right to benefits (past, present and future) under the terms of the Group LTD Plan;

2. Payment of all past benefits due Plaintiff under the terms of the Plan, with an award of pre-judgment interest;

3. Plaintiff requests the payment of reasonable attorney fees, costs and interest.

4. Plaintiff requests such other and further relief as the Court deems appropriate.

By: *Zachary Lipschutz*
Zachary Lipschutz, Esq.
MARTIN LAW LLC
1818 Market Street, 35th Floor
Philadelphia, PA 19103

(215) 587-8400
zlipschutz@paworkinjury.com
Attorney for Plaintiff